UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ERVIN D. BOYCE, | ) |
| Movant, | ) |
| v. | ) No. 1:23-cv-00222-SNLJ |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on movant's filing titled "Motion to Dismiss." In the motion, movant seeks to have his underlying criminal conviction vacated, set aside, or corrected based on the Supreme Court's ruling in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2129 (2022). The Court will construe movant's motion as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. For the following reasons, movant will be ordered to show cause why his motion should not be dismissed as time-barred.

**Background**

Movant is a self-represented litigant who is currently incarcerated at the United States Penitentiary in Yazoo City, Mississippi. On April 6, 2021, he pled guilty to being a felon in possession of a firearm and possession with intent to distribute methamphetamine. *United States v. Boyce*, No. 1:20-cr-186-SNLJ (E.D. Mo.). On July 6, 2021, the Court sentenced movant to 156 months' imprisonment and three years' supervised release. He did not file an appeal.

On December 11, 2023, movant filed the instant 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.[1] In the motion, movant argues that his conviction and sentence should be vacated because 18 U.S.C. § 922(g)(1) is an unconstitutional violation of his rights under the Second Amendment. To support this proposition, movant relies on the Supreme Court case of *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

## Discussion

For the reasons discussed below, the Court has determined that movant's motion appears untimely. He will therefore be directed to show cause as to why the Court should not deny his motion and dismiss this case.

**A. Statute of Limitations**

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019). The limitations period runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] According to the stamped envelope containing movant's 28 U.S.C. § 2255 motion, this is the date that movant placed the motion into his prison's filing system. (Docket No. 1). Under the prison mailbox rule, a 28 U.S.C. § 2255 motion is deemed timely filed when an inmate deposits it in the prison mail system. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

28 U.S.C. § 2255(f). In practice, however, the one-year statute of limitations "usually means that a prisoner must file a motion within one year of the date on which the judgment of conviction becomes final." *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019).

### B. Timeliness Under 28 U.S.C. § 2255(f)(1)

Pursuant to 28 U.S.C. § 2255(f)(1), the one-year limitations period runs from "the date on which the judgment of conviction becomes final." An unappealed criminal judgment becomes final when the time for filing a direct appeal expires. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008). In a criminal case, a defendant's notice of appeal must be filed in the district court within fourteen days. Fed. R. App. P. 4(b)(1).

In this case, movant was sentenced on July 6, 2021. From that point, he had fourteen days to file an appeal, which he did not do. That fourteen-day deadline expired on July 20, 2021. On that date, movant's judgment became final. Under 28 U.S.C. § 2255(f)(1), movant had one year from July 20, 2021 to timely file his § 2255 motion. That period ended on July 20, 2022. Movant did not file the instant motion until December 11, 2023, which is one year, four months, and twenty-one days past the one-year statute of limitations deadline. Therefore, the motion appears untimely under 28 U.S.C. § 2255(f)(1).

### C. Timeliness Under 28 U.S.C. § 2255(f)(3)

Pursuant to 28 U.S.C. § 2255(f)(3), the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." It appears that movant is attempting to make use of this section, by arguing that his right to relief

3

stems from the United States Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022).

Leaving aside the applicability of the *Bruen* decision to movant's case, the Court notes that movant is still untimely under 28 U.S.C. § 2255(f)(3). The *Bruen* case was decided on June 23, 2022. His one-year deadline to file a motion under *Bruen* expired on June 23, 2023. Movant did not file the instant motion until December 11, 2023, five months and eighteen days after the one-year statute of limitations under § 2255(f)(3) expired. Therefore, the motion appears untimely under 28 U.S.C. § 2255(f)(3).

### D. Order to Show Cause

As discussed above, it appears that movant's 28 U.S.C. § 2255 motion is untimely. The one-year limitations period under 28 U.S.C. § 2255(f)(1) expired nearly a year-and-a-half before movant file the instant motion. Meanwhile, the one-year limitations period under 28 U.S.C. § 2255(f)(3) – which movant suggests is implicated by the *Bruen* decision – expired one hundred seventy-one days before the filing of the instant motion. It thus appears that movant's instant motion is untimely.

Before dismissing a case for untimeliness, however, a court must accord the movant fair notice and an opportunity to present his position. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). As such, movant will be directed to show cause as to why the Court should not dismiss his motion as time barred. Movant will be given **twenty-one (21) days** from the date of this order in which to submit a written response. Failure to respond will result in the dismissal of this action without further proceedings.

Accordingly,

4

**IT IS HEREBY ORDERED** that movant shall file a written show cause response within **twenty-one (21) days** of the date of this order, stating why his 28 U.S.C. § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to file a written show cause response within **twenty-one (21) days** of the date of this order, the Court will dismiss this action without further proceedings.

Dated this 8th day of March, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE