**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| ERVIN D. BOYCE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No.   1:23-cv-00222-SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the following motions filed by Movant: (1) two motions contesting the recharacterization of his "motion to dismiss" (ECF Nos. 3 and 6); and (2) a "motion to supplement/recharacterize motion to dismiss/alternative §2241 writ of habeas corpus" (ECF No. 7). For the following reasons, Movant's motions will be denied and this action will be dismissed.

### Motions Contesting Recharacterization of Complaints

Movant filed a "motion to dismiss" in his closed criminal action on December 19, 2023. *See* ECF No. 1. Because there is no Federal Rule of Criminal Procedure that allows for post-conviction and post-sentencing motions to dismiss and because the motion sought to have his underlying federal criminal conviction vacated, set aside, or corrected based on the Supreme Court's ruling in *N.Y. State Rifle Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), the Court construed his motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. It plainly appeared from the motion that it was untimely under both § 2255(f)(1) and § 2255(f)(3), so the Court ordered Movant to show cause why the motion should not be dismissed as untimely. *See* ECF No. 4; Rule 4, Rules Governing Section 2255 Proceedings.

In response, Movant did not address the timeliness of his motion. Rather, he filed a "motion contesting recharacterization complaints" (ECF No. 6). In the motion, Movant states that the Court should not have recharacterized his "motion to dismiss" as a § 2255 motion without following the procedures outlined by the Supreme Court in *Castro v. United States*, 540 U.S. 375 (2003). However, *Castro* does not foreclose the Court's ability to recharacterize Movant's motion as a § 2255 motion. Rather, *Castro* states that if certain procedural requirements related to notice are not met when a court recharacterizes a motion as a § 2255 motion, any later § 2255 motions cannot be deemed "second and successive." *See Castro*, 540 U.S. at 383 ("If the court fails [to follow procedural requirements], the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions."). Here, because it plainly appears that Movant's § 2255 motion is untimely, the Court is not concerned with future § 2255 motions. The Court will therefore deny Movant's motions contesting recharacterization.

**Motion to Supplement/Recharacterize Motion to Dismiss/Alternative § 2241 Writ of Habeas Corpus**

Next, Movant has filed a self-titled "motion to supplement/recharacterize motion to dismiss/alternative § 2241 writ of habeas corpus." (ECF No. 7). In this motion, Movant states that § 2255 is inadequate or ineffective to test the legality of his detention. He states that he is innocent of the criminal charges, and attempts to recharacterize his motion as one for habeas corpus relief under 28 U.S.C. § 2241. To the extent Movant's motion seeks to recharacterize his § 2255 motion as a § 2241 motion, the Court will deny it for lack of jurisdiction.

A district court's jurisdiction over writs filed pursuant to 28 U.S.C. § 2241 is geographically limited to the judicial district in which Movant's custodian is located. *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Movant is currently confined in the

2

United States Penitentiary in Yazoo City, Mississippi. Movant's custodian, therefore, is located within the Southern District of Mississippi. Consequently, this Court lacks jurisdiction to grant any writ brought under § 2241. For this reason, the Court will deny Movant's "motion to supplement/recharacterize motion to dismiss/alternative § 2241 writ of habeas corpus."

**Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255**

In the Court's Memorandum and Order dated March 8, 2024 (ECF No. 4), it determined that Movant's motion was untimely under both § 2255(f)(1) and § 2255(f)(3). Movant was sentenced on July 6, 2021. From that point, he had fourteen days to file an appeal, which he did not do. That fourteen-day deadline expired on July 20, 2021. On that date, Movant's judgment became final. Under § 2255(f)(1), Movant had one year from July 20, 2021 to timely file his § 2255 motion. That period ended on July 20, 2022. Movant did not file his motion until December 11, 2023, which is one year, four months, and twenty-one days past the one-year statute of limitations.

Movant argues that his right to habeas corpus relief stems from the United States Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Leaving aside the applicability of the *Bruen* decision to Movant's case, Movant's motion is still untimely under § 2255(f)(3). The Supreme Court decided *Bruen* on June 23, 2022. Movant's one-year deadline to file a motion under *Bruen* expired on June 23, 2023. Movant did not file his § 2255 motion until December 11, 2023, five months and eighteen days after the one-year statute of limitations under § 2255(f)(3) expired.

For the foregoing reasons, the Court denies Movant's motions contesting recharacterization of the complaint and motion to supplement/recharacterize motion to dismiss/alternative 2241 writ of habeas corpus. The Court finds Movant's "motion to dismiss,"

which it construes as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, untimely and will dismiss it for this reason.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's motions contesting recharacterization of complaints are **DENIED**. [ECF Nos. 3 and 6]

**IT IS FURTHER ORDERED** that Movant's motion to supplement/recharacterize motion to dismiss/alternative § 2241 writ of habeas corpus is **DENIED**. [ECF No. 7]

**IT IS FURTHER ORDERED** that Movant's motion to dismiss, which the Court construes as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that Movant's motions to appoint counsel are **DENIED as moot**. [ECF Nos. 2 and 5]

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 14th day of April, 2025.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE